UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED ALUMARI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANTONY BLINKEN, et al., <br><br> Defendants. | No. 1:23-cv-01300-KES-CDB <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS <br><br> Doc. 25 |

Defendants move to dismiss the remaining claims in plaintiff's first amended complaint, filed January 31, 2024, for (1) violation of the Immigration and Nationality Act's ("INA") nondiscrimination clause under 8 U.S.C. § 1152(a); (2) bad faith denial of an immigrant visa; and (3) violation of Mohamed's Fifth Amendment right to equal protection, against defendants Antony Blinken, United States Department of State, Rena Bitter, Julie M. Stufft, and the United States Embassy in Djibouti.[1]  Doc. 24.  For the reasons set forth below, defendants' motion to dismiss is granted, and plaintiffs' first amended complaint is dismissed without leave to amend.

**I.  BACKGROUND**

Mohamed, a U.S. citizen, filed an I-130 Petition for Alien Relative for his brother, Yousef, and his sister, Noor, which were approved on or about November 27, 2006.[2]  Doc. 24

---

[1] To avoid confusion, this Order refers to each plaintiff by their first name. While the first amended complaint also asserted three additional claims by plaintiff Noor, plaintiffs voluntarily dismissed those claims on April 18, 2024.  *See* Doc. 31; Doc. 30 at 30 (confirming that the three voluntarily dismissed claims were brought solely by plaintiff Noor).

[2] This recitation of facts is taken from plaintiffs' first amended complaint.  For purposes of the

1

1  ¶ 240.  The visa priority date did not become current until June 2019.  *Id.* ¶ 242.

2  On July 25, 2021, the National Visa Center ("NVC") conducted a visa interview for Yousef, his wife, and their child.  *Id.* ¶ 252.  At the interview, the consular officer informed Yousef that his visa was refused under 8 U.S.C. § 1182(a)(6)(C)(i) after a determination that Yousef committed "fraud or misrepresentation in an attempt to obtain a visa or entry to the United States."  *Id.* ¶ 253; Doc. 24-2 at 40.

At the time plaintiffs filed the first amended complaint, on January 31, 2024, Noor had not yet appeared for a visa interview.  On January 26, 2024, Noor contacted the U.S. Embassy of Djibouti to reschedule her visa interview.  Doc. 24-3 at 54.  On February 11, 2024, the Embassy informed Noor that it had scheduled her interview for March 31, 2024.  Doc. 25-4.

Plaintiffs argue that Yousef's visa denial was subject to discriminatory procedures that defendants utilize when reviewing Yemeni visa applicants, in violation of the INA's nondiscrimination clause.  Doc. 24 at 56–59.  Plaintiffs argue that, once she completes her visa application, Noor will also be subject to these discriminatory procedures.  *Id.* at 58.  Plaintiffs also argue that Yousef's visa denial was made in bad faith, *id.* at 64–67, and that such denial violated Mohamed's right to equal protection and his liberty interest in the "non-discriminatory adjudication of his relatives' visa applications," *id.* at 67–72.

On February 29, 2024, defendants moved to dismiss plaintiffs' claims.  Doc. 25. Plaintiffs filed an opposition, Doc. 30, to which defendants replied, Doc. 34.  Defendants moved to dismiss for lack of subject matter jurisdiction, as unripe or moot, three claims brought by plaintiff Noor, for: violation of section 706 of the Administrative Procedure Act, a writ of mandamus, and violation of the statutory right to counsel under 5 U.S.C. § 555(b).  Doc. 25. Plaintiffs voluntarily dismissed these claims on April 18, 2024.  Doc. 31; Doc. 30 at 30 (confirming that these claims were brought solely by plaintiff Noor).  As plaintiffs have dismissed these three claims, defendants' motion as to these claims is denied as moot.

Defendants move to dismiss the remaining three claims for failure to state a claim:

---

Rule 12(b)(6) motion to dismiss, the allegations in the complaint are assumed to be true.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

(1) violation of the Immigration and Nationality Act's ("INA") nondiscrimination clause under 8 U.S.C. § 1152(a); (2) bad faith denial of an immigrant visa to plaintiff Yousef; and (3) violation of Mohamed's Fifth Amendment right to equal protection. Doc. 25. Defendants contend that the doctrine of consular nonreviewability bars judicial review of Yousef and Noor's claims, as noncitizens, and bars Mohamed's claims as Mohamed lacks a cognizable liberty interest in Yousef and Noor's admission into the United States. *See generally id.* Defendants also contend plaintiffs fail to state a claim for a violation of Mohamed's Fifth Amendment right to equal protection. *Id.* To the extent that Noor asserts a claim under § 1152(a), the Court *sua sponte* addresses whether there is jurisdiction over her claim.

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

Courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Ripeness is an aspect of the Court's subject matter jurisdiction, *see St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989), and "[a]long with standing and mootness, [] is one of three justiciability requirements," *Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1173 (9th Cir. 2022). The doctrine's basic rationale is "to prevent 'premature adjudication' and judicial entanglement in 'abstract disagreements.'" *Planned Parenthood Great Nw., Hawaii, Alaska, Indiana, Kentucky v. Labrador*, 122 F.4th 825, 839 (9th Cir. 2024) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 902 (9th Cir. 1993)).

"While standing is primarily concerned with who is a proper party to litigate a particular matter, ripeness addresses when that litigation may occur." *Lee v. State of Or.*, 107 F.3d 1382, 1387 (9th Cir. 1997)   Whether framed as an issue of standing or ripeness, the case or controversy requirement of Article III mandates that a plaintiff's injury must be "definite and concrete, not hypothetical or abstract." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (quoting *Ry. Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945)). "Where a dispute hangs on future contingencies that may or may not occur, it may be too impermissibly speculative to present a justiciable controversy." *In re Coleman*, 560 F.3d 1000, 1005 (9th Cir. 2009) (citations

and internal quotation marks omitted).

**B. Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also id.* at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The "underlying purpose of Rule 15 [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up). However, a court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

#### A. Plaintiff Noor

To the extent Noor asserts a claim for violation of the INA's nondiscrimination clause under § 1152(a), her claim is not ripe for judicial review as she had not suffered any injury. "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580–81 (1985)). At the time plaintiffs filed the FAC, Noor had not yet completed her visa interview. Although Noor alleges that she "does not want to be subjected to the discriminatory visa application procedures at the Djibouti Embassy," Doc. 24 ¶ 295, she has not plausibly alleged that she has suffered any such discrimination, and she therefore fails to allege an injury "that is concrete and particularized enough to survive the standing/ripeness inquiry." *Bova v. City of Medford*, 564 F.3d 1093, 1097 (9th Cir. 2009). Accordingly, as to Noor the claim under § 1152(a) is dismissed for lack of subject matter jurisdiction.

#### B. Plaintiff Yousef

Yousef's claims are barred by the doctrine of consular nonreviewability, which bars judicial review of the denial of a noncitizen's visa application where "the consular officer cited an admissibility statute that specifies discrete factual predicates the consular officer must find to exist before denying a visa or . . . *alternatively*, there is a fact in the record that provides at least a facial connection to the statutory ground of admissibility." *Khachatryan v. Blinken*, 4 F.4th 841, 849 (9th Cir. 2021) (emphasis added) (quoting *Allen v. Milas*, 896 F.3d 1094, 1104–05 (9th Cir. 2018)). Yousef does not dispute that his visa application was denied under 8 U.S.C. § 1182(a)(6)(C)(i), which bars admissibility to any "alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States."

The Ninth Circuit has held that § 1182(a)(6)(C)(i) "specifies discrete factual predicates the consular officer must find to exist before denying a visa," and therefore the doctrine of consular nonreviewability applies to a visa denial under that statute. *Khachatryan*, 4 F.4th at 852 (citing

5

*Kerry v. Din*, 576 U.S. 86, 105 (2015)). Yousef argues that while the denial statute is valid, "there is not a single fact in the record that provides even a facial connection to the statutory ground of admissibility." Doc. 30 at 21. But having facts in the record providing a facial connection to the statutory ground of admissibility is an *alternative* condition that is not required when, as here, the consular officer cited an admissibility statute that specifies discrete factual predicates that the consular officer must find to exist before denying the visa. *See Khachatryan*, F.4th at 852 (noting that the consular officer must *either* cite to admissibility statute that specifies discrete factual predicates, *or alternatively*, cite to a fact in the record providing at least a facial connection to the statutory ground of admissibility). Yousef acknowledges that this first condition is met, as the consular officer cited § 1182(a)(6)(C)(i).

An exception to the doctrine of consular nonreviewability exists "for review of consular decisions that involve a violation of constitutional rights." *Id.* at 849. However, "as a foreign national seeking admission into the United States" from outside the country, Yousef "has no constitutional right to entry," and therefore lacks an "ability to bring a cause of action challenging his denial of admission." *Id.* In such circumstances, "the rule of consular nonreviewability bars all of [a noncitizen visa applicant's] claims."[3] *Id.* at 850.

### C. Plaintiff Mohamed

As a sponsoring U.S. citizen, the doctrine of consular nonreviewability also bars Mohamed's claims "*except* to the extent that [the citizen's] claims are based on a cognizable violation of his own constitutional rights."[4] *See Khachatryan*, F.4th at 850 (emphasis in original).

Mohamed brings a claim for a violation of his Fifth Amendment right to equal protection based on an asserted liberty interest in the "non-discriminatory adjudication of his relatives' visa

---

[3] Even if Noor's claim was ripe, the doctrine of consular nonreviewability would bar her claim for violation of the INA's nondiscrimination clause as she is a foreign national seeking admission into the United States. *See Khachatryan*, F.4th at 849.

[4] That plaintiffs characterize their complaint as "one challenging the process followed by the consulate rather than its ultimate decision does not exempt the case" from the doctrine of consular nonreviewability. *See Capistrano v. Dep't of State*, 267 F. Appx. 593, 594 (9th Cir. 2008) (citing *Loza-Bedoya v. Immigration and Naturalization Service*, 410 F.2d 343, 347 (9th Cir. 1969)).

1 applications, as his statutory right to sponsor his relatives to apply for an immigrant visa is
2 protected by the Fifth Amendment's due process clause." Doc. 24 at 72. But Mohamed does not
3 plausibly allege any violation of *his* right to equal protection, as he does not allege any
4 discriminatory application as to him. Rather, he purports to assert discriminatory treatment by
5 defendants as to Yousef. Mohamed lacks standing to bring an equal protection claim for a wrong
6 allegedly suffered by Yousef, and his claim must be dismissed.[5] *See Carroll v. Nakatani*, 342
7 F.3d 934, 946 (9th Cir. 2003) ("Even if a government actor discriminates on the basis of race,
8 only those *personally denied* equal treatment have standing to seek relief.") (emphasis added); *see*
9 *also Din*, 576 U.S. at 101 ("There is a 'simple distinction between government action that directly
10 affects a citizen's legal rights, or imposes a direct restraint on his liberty, and action that is
11 directed against a third party and affects the citizen only indirectly or incidentally.'") (quoting
12 *O'Bannon v. Town Ct. Nursing Ctr.*, 447 U.S. 773, 788 (1980)).

13 To the extent that Mohamed asserts a violation of his constitutional right to due process
14 based on a liberty interest in Yousef and Noor's admission to the United States, Mohamed lacks
15 any such interest. *See Khachatryan*, 4 F.4th at 862 ("We hold that an adult citizen lacks a
16 constitutionally protected liberty interest, protected by the Fifth Amendment's Due Process
17 Clause, in the Government's decision whether to admit the citizen's unadmitted nonresident alien
18 parent into the United States."); *Dep't of State v. Munoz*, 602 U.S. 899, 909 (2024) ("[A] citizen
19 does not have a fundamental liberty interest in [their] noncitizen spouse being admitted to the
20 country."); *Mahmood v. Blinken*, No. 23-1596, 2023 WL 6323796, at *15 (E.D. Pa. Sept. 28,
21 2023) (Plaintiff does not "have a constitutional right to live with his [non-citizen] brothers,
22 sisters, nieces, and nephews in the United States.") (emphasis omitted).

23 As Mohamed lacks a protected liberty interest in Yousef's and Noor's admission into the
24 United States, Mohamed fails to state a cognizable claim of a violation of his constitutional rights

---

[5] To the extent that Yousef or Noor asserts a violation of their equal protection rights under the Fifth Amendment, as noncitizens applying from abroad, they lack such protection. *See United States v. Verdugo-Urquidez*, 494 U.S. 259, 269 (1990) ("[W]e have rejected the claim that aliens are entitled to Fifth Amendment rights outside the sovereign territory of the United States.").

based on the denial of Yousef's visa or a hypothetical future denial of Noor's visa. Mohamed's claims for bad faith denial of a visa and violation of the INA's nondiscrimination clause are therefore barred by the doctrine of consular nonreviewability and must be dismissed. *See Khachatryan*, 4 F.4th at 850 (bad faith claim potentially cognizable only if citizen-plaintiff has a protected liberty interest in the non-citizen's admission into the United States).

As any amendment would be futile, plaintiffs' first amended complaint is dismissed without leave to amend. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).

## IV. CONCLUSION

Accordingly:

1. Plaintiffs voluntarily dismissed, without prejudice, claims two, three, and four of the First Amended Complaint ("FAC") on April 18, 2024. Defendant's motion to dismiss, Doc. 25, is therefore denied as moot as to claims two, three, and four of the FAC.
2. Defendants' motion to dismiss, Doc. 25, is GRANTED as to the remaining claims in the FAC.
    a. Mohamed's equal protection claim, and any claim by Noor under § 1152(a), are dismissed without prejudice for lack of jurisdiction.
    b. All remaining claims are dismissed with prejudice.
3. Plaintiffs' first amended complaint is DISMISSED without leave to amend.
4. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   December 16, 2025

_____
UNITED STATES DISTRICT JUDGE

8